UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO GARCIA and ARMANDO MORALES HERNANDEZ, | CIVIL ACTION |
| Plaintiffs, | Jury Trial Requested |
| - against - | |
| CHIRPING CHICKEN NYC INC. and/or CHIRPING CHICKEN U.S.A. INC. d/b/a CHIRPING CHICKEN and RAMJI DASS individually, | **COMPLAINT** |
| Defendants. | |

Plaintiffs, by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207; New York Labor Law § 663; 198-1(d) and 195; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4, and 1.6; and 146-2.2 and 2.3 to recover unpaid minimum wages, overtime compensation, unpaid spread of hours compensation, and damages for failure to provide paystubs owed to Alberto Garcia and Armando Morales Hernandez (hereinafter "Plaintiffs"), by Chirping Chicken NYC, Inc. and/or Chirping Chicken U.S.A., Inc. d/b/a/ Chirping Chicken ("Chirping Chicken"), and Ramji Dass individually (hereinafter collectively referred to as "Defendants").

2. Beginning in approximately April 2009, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Plaintiffs to regularly work without being paid minimum wages as required by applicable federal and state law.

3. Beginning in approximately April 2009, and upon information and belief,

continuing through the present, Defendants have engaged in a policy and practice of requiring the Plaintiffs to regularly work in excess of forty (40) hours each week, without being paid overtime wages as required by applicable federal and state law.

4. Beginning in approximately April 2009, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring the Plaintiffs to regularly work more than ten (10) hours in one day, without providing spread of hours compensation as required by state law.

5. Beginning in approximately April 2009, and upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of Defendants have engaged in a policy and practice of failing to provide Plaintiffs with a paystub for each pay period worked as required by applicable state law.

6. Under the direction of Defendants' corporate officer and/or director Ramji Dass, Defendants instituted this practice of depriving Plaintiffs of minimum wages, overtime wages, and spread of hours compensation, as well as failing to provide proper paystubs, as mandated by federal and state law.

7. Plaintiffs have initiated this action seeking unpaid minimum wages, overtime compensation, and spread of hours compensation, as well as damages for failure to provide paystubs, plus interest, liquidated damages, attorneys' fees, and costs.

## THE PARTIES

8. Plaintiff Alberto Garcia resides in the State of New York and has been employed by Defendants from approximately March 17, 2009 through the present, primarily to work in the kitchen, and also to make deliveries.

9. Plaintiff Armando Morales Hernandez resides in the State of New York and has

been employed by Defendants from approximately May 2008 through the present, primarily to work as a cook and a cleaner.

10. Defendant Chirping Chicken NYC, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 31-10 23rd Avenue, Astoria, New York 11105 and/or 3015 Broadway, Astoria, NY 11106. Defendant Chirping Chicken is engaged in the restaurant and food business.

11. Defendant Chirping Chicken U.S.A., Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 31-10 23rd Avenue, Astoria, New York 11105 and/or 3015 Broadway, Astoria, NY 11106. Defendant Chirping Chicken is engaged in the restaurant and food business.

12. Upon information and belief, Defendant Ramji Dass is a resident of the State of New York and at all relevant times was an officer, director, and/or owner of Chirping Chicken.

## JURISDICTION

13. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. §§ 206, 207 and 28 U.S.C. §§ 1331 and 1337. This court also has supplemental jurisdiction under 28 U.S.C. §1367 of the claims brought under the New York Law.

14. The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

15. The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

16. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391 (b) is appropriate because a substantial part of the events or omissions giving rise to the claims

occurred in the Eastern District of New York.

## FACTS

17. Plaintiff Alberto Garcia worked for Defendants primarily in the kitchen and also as a delivery person, from March 17, 2009 through the present.

18. Plaintiff Garcia typically worked six (6) days each week from approximately 10:30 a.m. until 11:00 p.m., without a break.

19. Plaintiff Garcia was paid a flat weekly rate of approximately $230 to $360 in cash.

20. Plaintiff Armando Morales Hernandez worked for Defendants primarily in as a cook and also as a cleaner from May 2008 through the present.

21. Plaintiff Hernandez typically worked six (6) days each week from approximately 10:30 a.m. until 11:00 p.m., without a break.

22. Plaintiff Hernandez was paid a flat weekly rate of approximately $600 to $650 in cash.

23. Plaintiffs' flat weekly rate often fell below the minimum wage.

24. Plaintiffs regularly worked more than forty (40) hours each week.

25. Plaintiffs regularly worked more than ten (10) hours each day.

26. Plaintiffs were paid in cash, and were not provided with a paystub at the time of payment each week.

27. Plaintiffs did not always receive minimum wages for all hours worked up to forty (40) in one week.

28. Plaintiffs did not receive overtime wages for all hours worked over forty (40) each week.

29. Plaintiffs did not receive spread of hours compensation when they worked more than ten (10) hours in a day.

30. Upon information and belief, Ramji Dass is and at all relevant times was the president and/or owner of Chirping Chicken, and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records.

31. Upon information and belief, Defendant Ramji Dass was the principal and owner of Chirping Chicken, dominated the day-to-day operating decisions of Chirping Chicken, and made major personnel decisions for Chirping Chicken.

32. Upon information and belief, Ramji Dass had complete control of the alleged activities of Chirping Chicken, which give rise to the claims brought herein.

33. Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

34. Upon information and belief, Defendants engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on goods or materials that have been moved in or produced for interstate commerce.

## FIRST CAUSE OF ACTION
## FLSA MINIMUM WAGE COMPENSATION

35. Plaintiffs repeat and re-allege the allegations set forth above.

36. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than— (A)

$5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and (C) **$7.25 an hour, beginning 24 months after that 60th day.**"

37.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

38.     Plaintiffs are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

39.     Chirping Chicken constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

40.     Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Ramji Dass constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

41.     Defendants failed to pay Plaintiffs all earned minimum wages for the time they worked for Defendants in any given week.

42.     The failure of Defendants to pay Plaintiffs their rightfully owed wages was willful.

43.     By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**FLSA OVERTIME WAGES**

44.     Plaintiffs repeat and re-allege the allegations set forth above.

45.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no

-6-

employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

46. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

47. Chirping Chicken constitutes an employer within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

48. Pursuant to 29 U.S.C. § 203(d) and the cases interpreting the same, Ramji Dass constitutes an "employer" for the purpose of the FLSA and, consequently, is liable for violations of the FLSA.

49. Plaintiffs are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

50. Upon information and belief, Defendants failed to pay Plaintiffs all earned overtime wages for the time hours over forty (40) they worked in any given week.

51. The failure of Defendants to pay Plaintiffs their rightfully owed wages was willful.

52. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### NEW YORK OVERTIME COMPENSATION LAW

53. Plaintiffs repeat and re-allege the allegations set forth above.

54. 12 NYCRR §146-1.4 requires that "[A]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

55. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

56. Chirping Chicken is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

57. Ramji Dass is an employer, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

58. Plaintiffs are employees within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

59. Upon information and belief, Plaintiffs worked more than forty hours a week while working for Defendants.

60. Upon information and belief, Plaintiffs did not receive overtime compensation for all hours worked after the first forty hours in a week.

61. Consequently, by failing to pay Plaintiffs overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 146-1.4.

62. Upon information and belief, Defendants' failure to pay overtime compensation for work performed by Plaintiffs after the first forty hours worked in a week was willful.

63. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 146-1.4, and are liable to Plaintiffs in an amount to be determined at trial, plus damages, interest, attorneys' fees, and costs.

**FOURTH CAUSE OF ACTION**
**NEW YORK SPREAD OF HOURS COMPENSATION**

64. Plaintiffs repeat and re-allege the allegations set forth above.

65. Title 12 NYCRR § 146-1.6 requires that "On each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate…This section shall apply to all employees in restaurants…regardless of a given employee's regular rate of pay."

66. Upon information and belief, Plaintiffs regularly works more than ten hours in a day without receiving an additional hour's pay at their regular wage rate.

67. Upon information and belief, Defendants' failure to pay spread of hours compensation was willful.

68. By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6 and are liable to Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**FIFTH CAUSE OF ACTION**
**NEW YORK IMPROPER PAY STUBS AND DOCUMENTATION**

69. Plaintiffs repeat and re-allege the allegations set forth above.

70. Pursuant to New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3, an employer is required to provide its employee with a paystub that accurately reflects the rate of pay, the hours worked and the amounts deducted. The paystubs must include: the

employee's rate or rates of pay; the overtime rate of pay, if the employee is subject to overtime regulations; the basis of wage payment (per hour, per shift, per week, piece rate, commission, etc.); any allowances the employer intends to claim as part of the minimum wage including tip, meal, and lodging allowances; the regular pay day; the employer's name and any names under which the employer does business (DBA); the physical address of the employer's main office or principal place of business and, if different, the employer's mailing address; and the employer's telephone number.

71. According to New York Labor Law § 198-1(d), Plaintiffs are entitled to $100 for every week in which they did not receive a pay stub.

72. Plaintiffs did not receive paystubs each week that they worked.

73. By the foregoing reasons, Defendants have violated New York Labor Law §§ 198-1(d) and 195 and 12 NYCRR § 146-2.2 and 2.3 and are liable to the Plaintiffs in an amount to be determined at trial, plus interest, attorneys' fees and costs.

WHEREFORE, Plaintiffs demands judgment:

1. On their first cause of action against Defendants in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees, and costs;

2. On their second cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

3. On their third cause of action against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs;

      4.      On their fourth cause of action against Defendants in an amount to be determined at trial, plus interest, attorneys' fees, and costs;

      5.      On their fifth cause of action against Defendants in an amount to be determined at trial, plus interest, attorneys' fees, and costs; and

      6.      Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 22, 2015

VIRGINIA & AMBINDER, LLP

By:   s/Lloyd Ambinder
     Lloyd R. Ambinder, Esq.
     Leonor H. Coyle, Esq.
     40 Broad, 7th Floor
     New York, New York 10004
     (212) 943-9080
     lambinder@vandallp.com

*Attorneys for Plaintiffs*