UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO GARCIA and ARMANDO MORALES HERNANDEZ,<br><br>                                                                Plaintiffs,<br><br>- against -<br><br>CHIRPING CHICKEN NYC INC. and/or CHIRPING CHICKEN U.S.A. INC. d/b/a CHIRPING CHICKEN and RAMJI DASS individually,<br><br>                                                                 Defendants. | Docket No.: 15-CV-2335<br><br>**DECLARATION OF<br>JACK NEWHOUSE** |

JACK NEWHOUSE, an attorney admitted to practice law in the State of New York, hereby declares under the penalties of perjury that:

1.     I am admitted to the Bar of this Court and am an associate of the law firm of Virginia & Ambinder, LLP, attorneys for Plaintiffs Alberto Garcia ("Garcia") and Armando Morales Hernandez ("Hernandez") (hereinafter collectively "Plaintiffs"). I submit this Declaration in Support of Plaintiffs' request for a notation of default against Defendants CHIRPING CHICKEN NYC INC. ("Chirping Chicken NYC"), CHIRPING CHICKEN U.S.A INC. d/b/a CHIRPING CHICKEN ("Chirping Chicken U.S.A.") (collectively "Chirping Chicken") and RAMJI DASS (collectively "Defendants") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") pursuant to Fed. R. of Civ. Pro. 55.

2.     Plaintiffs initiated this action on April 23, 2015 against the Defendants alleging violations of the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 206, 207; New York Labor Law § 663; 198-1(d) and 195; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 146-1.4, and 1.6; and 146-2.2 and 2.3 to recover unpaid minimum wages, overtime compensation, unpaid spread of hours compensation, and damages for failure to provide paystubs owed for work performed on behalf of Defendants. [A true and accurate

1

copy of the Complaint and Summons is annexed hereto as **Exhibit A**].

3. Defendant Chirping Chicken NYC, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 31-10 23rd Avenue, Astoria, New York 11105 and/or 3015 Broadway, Astoria, NY 11106. Defendant Chirping Chicken is engaged in the restaurant and food business. [A copy of Chirping Chicken NYC, Inc.'s New York State Department of State entity profile is annexed hereto as **Exhibit B**].

4. Defendant Chirping Chicken U.S.A., Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 31-10 23rd Avenue, Astoria, New York 11105 and/or 3015 Broadway, Astoria, NY 11106. Defendant Chirping Chicken is engaged in the restaurant and food business. [A copy of Chirping Chicken U.S.A., Inc.'s New York State Department of State entity profile is annexed hereto as **Exhibit C**].

5. Defendant Ramji Dass is a resident of the State of New York and at all relevant times was an officer, director, and/or owner of Chirping Chicken. [*See* **Exhibit A**, ¶ 12].

6. On April 27, 2015, Chirping Chicken NYC and Chirping Chicken U.S.A were served with the Complaint in this action. [Copies of the affidavits of service of the Summons and Complaint are annexed hereto as **Exhibit D**]. Their answer was due on May 18, 2015.

7. On May 5, 2015, the Complaint was served on Ramji Dass. [*See* **Exhibit E**]. His answer was due on May 26, 2015.

8. To date, Defendants have failed to appear or otherwise put in a responsive pleading in this action.

9. Since there has been no response from Defendants, Plaintiffs moved for a default judgment.

10. Pursuant to the endorsed letter order of Magistrate Judge Cheryl L. Pollak, Plaintiffs moved for entry of a notation of default herein for Defendants' failure to respond to the

Complaint. The clerk entered the notation of default against Defendants on July 10, 2015. [A true and accurate copy of the Clerk's Notation of Default is annexed hereto as **Exhibit F**].

11. Plaintiff Garcia worked for Chirping Chicken and Ramji Dass from approximately March 17, 2009 through June 2015 at the restaurant located at 3015 Broadway, Astoria, NY 11106. [Declaration of Alberto Garcia ("Garcia Dec.") is annexed hereto as **Exhibit G**, at ¶ 1].

12. Garcia worked for Defendants primarily in the kitchen cooking food, cleaning and delivering food. [*Id.*, ¶ 4].

13. During his employment, Garcia typically worked five days each week from 10:30 a.m. until 11:00 p.m. and one day each week from 12:00 p.m. to 11:00 p.m., with a daily thirty minute lunch break, for a total of six days per week 70.5 hours per week. [*Id.*, ¶ 9].

14. From March 2009 through April 2011, Garcia was paid a flat wage of approximately $240.00 per week. From May 2011 through in or around June 2015, Garcia was paid a flat wage of approximately $360.00 per week. [*Id.*, ¶ 10].

15. When Garcia was hired to work for the Defendants, he was hired by Ramji Dass who acted as his direct supervisor and is believed to have an ownership interest in Designcore. [*Id.*, ¶¶ 2 – 4].

16. Plaintiff Armando Morales Hernandez worked for Chirping Chicken and Ramji Dass from approximately May 2008 through June 2015 at the restaurant located at 3015 Broadway, Astoria, NY 11106. [Declaration of Armando Morales Hernandez ("Hernandez Dec.") is annexed hereto as **Exhibit H**, at ¶ 1].

17. Hernandez worked for Defendants performing various tasks, including, but not limited to cooking, cleaning and cashier duties. [*Id.*, ¶ 4].

18. During his employment, Hernandez typically worked six days per week from 10:30 a.m. until 11:00 p.m. with a daily thirty minute break, for a total of 72 hours per week. [*Id.*, ¶ 9]

19. From May 2008 through April 2011, Hernandez was paid a flat wage of approximately $600 per week. From May 2011 through in or around May 2013, Hernandez was paid a flat wage of approximately $620 per week. From in or around June 2013 through June 2015, Hernandez was paid a flat wage of approximately $650 per week. [*Id.*, ¶ 10].

20. When Hernandez was hired to work for the Defendants, he was hired by Ramji Dass, who told Hernandez how much he was going to be paid. [*Id.*, ¶ 2 – 4].

21. Plaintiffs were both paid in cash and did not receive any paystubs that itemized the hours they actually worked. [Garcia Dec., ¶ 11; Hernandez Dec., ¶ 11].

22. Damage calculations in support of Plaintiff's claims for damages are attached hereto as **Exhibit I**.

23. All of the legal services performed thus far are reflected in **Exhibit J**, and were performed by me or by other attorneys and paralegals within this firm. In my professional opinion, all of the time billed, including the preparation for the default motion, was reasonably necessary.

24. V&A has a focused wage and hour practice and has represented thousands of workers to recover unpaid wages. See generally: *McBeth, et al. v. Gabrelli Truck Sales Ltd., et al.* (EDNY 09cv 4112) (Wexler, J.); *Kopacz, et al. v. St. Paul Fire and Marine Insurance Co., et al.*, Index No.: 111154-2008 (Sup.Ct.N.Y.Co. 2011); *Dabrowski v. ABAX Inc.*, 2010 NY Slip Op 31981U, aff'd 4 A.D.3d 633 (1st Dept. 2011); *In re Penthouse Exec. Club Comp. Litig.*, 2010 U.S. Dist. LEXIS 114743 (S.D.N.Y. Oct. 27, 2010); *Brieno v. USI Servs. Group*, 2010 U.S. Dist. LEXIS 78672 (E.D.N.Y. Aug. 3, 2010); *Cardona v The Maramont Corporation*, 2009 NY Slip Op 32695U (Sup.Ct.N.Y.Co. Nov. 12, 2009); *Kudinov v. Kel-Tech Construction Inc.*, 65 A.D.3d 481 (1st Dept. 2009); *Morris v. Alle Processing, Corp.*, Docket No. 08-CV-4874 (E.D.N.Y. Dec. 22, 2009); *Nawrocki v. Crimson Construction*, Docket No. 08-CV-3153 (E.D.N.Y. June 17, 2009); *Cox v. Nap Construction Company, Inc.*, Index No. 11179/03 (Sup. Ct. N.Y. Co. 2004) (Cahn,

J.), *aff'd*, 10 N.Y.3d 592 (2008); *Galdamez v. Biordi Constr. Corp.*, 13 Misc. 3d 1224A (Sup.Ct.N.Y.Co. June 8 2006), *aff'd* 50 A.D.3d 357 (Apr. 8, 2008); *Gonzalez v. Nicholas Zito Racing Stable, Inc.*, 2008 U.S. Dist. LEXIS 27598 (E.D.N.Y. Mar. 31, 2008); *Guzman v. VLM, Inc.*, 2008 U.S. Dist. LEXIS 15821 (S.D.N.Y. Mar. 2, 2008); *Pajaczek v. Cema Constr. Corp.* 2008 NY Slip Op 50386U (Sup.Ct.N.Y.Co. Feb. 21, 2008); *De La Cruz v. Caddell Dry Dock & Repair Co., Inc.*, Index No.: 26220-2002 (Sup.Ct. Bronx.Co. Jan. 9, 2007); *Brandy v. Canea Mare Construction, Inc.*, 4 A.D.3d 512 (2nd Dept. 2006); *Rodriguez v. Apple Builders & Renovators, Inc.*, et al., Index No.: 114971-2005 (Sup.Ct.N.Y.Co. Nov. 1, 2006); *Hoffman v. New York Stone Co.*, Index No.: 111823-2005 (Sup.Ct.N.Y.Co. Sept. 29, 2006); *Wysocki v. Kel-Tech Construction, Inc.*, Index No.: 603591-2003 (Sup.Ct.N.Y.Co. Sept. 26, 2005); *Velez v. Majik Cleaning Serv.*, 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. Jan. 19, 2005); *Alfaro v. Vardaris Tech, Inc.*, 69 A.D.3d 436 (1st Dept. 2010); *Barone v. Safway Steel Products, Inc.*, 2005 WL 2009882 (E.D.N.Y. 2005); *Brunson v. City of New York*, 94 Civ. 4507 (S.D.N.Y.); *Andrejuk v. National Environmental Safety Co. Inc.*, 94 Civ. 4638 (S.D.N.Y.); *Pesantez v. Boyle Environmental Services, Inc.*, Index No. 128988/93 (Sup. Ct. N.Y. Co. 1998) (Cahn, J.), *aff'd* 251 A.D.2d 11, 673 N.Y.S.2d 659 (1st Dept. 1998); *Sullivan v. True Plumbing and Heating Corp., et al.*, Index No. 600409/95 (Sup Ct. N.Y. Co. 1997) (Gammerman, J.), *aff'd sub. nom.*, *Sullivan v. International Fidelity Co.*, 225 A.D.2d 128, 679 N.Y.S.2d 391 (1st Dept. 1998).

25. Associate Leonor Coyle is a 2006 graduate of Fordham University School of Law. Leonor is a recipient of the Archibald R. Murray Cum Laude Award for her commitment to public service. Leonor has represented tens of thousands of workers in employment related matters. Leonor is fluent in Spanish and regularly speaks about employment issues facing immigrant populations at the Mexican, Guatemalan, Ecuadoran, El Salvadoran, and Honduras consulates. Prior to joining V&A, Leonor worked as an Assistant District Attorney for the Suffolk County District

5

Attorney's Office. She has extensive courtroom experience, and has tried numerous bench and jury trials. Ms. Coyle billed at a rate of $395.00 per hour.

26. Jack Newhouse ("JN" in the accompanying billing records), is a 2012 graduate of St. John's University School of Law, and an associate at Virginia & Ambinder, LLP ("V&A"). Mr. Newhouse is a member of the Bar of this Court and regularly represents employees in wage and hour litigations. Mr. Newhouse has given trainings on wage and hour issues at numerous non-profit and public interest institutions, including, New York Legal Assistance Group, Palladium, Inc., The Osborne Association, and The Silberman School of Social Work at Hunter College. Mr. Newhouse worked 7.30 hours on this case and V&A billed his time at the rate of $250.00 per hour for work performed in connection with this action.

27. Jonathan Roffe ("JR" in the accompanying billing records), is a 2014 graduate of Benjamin N. Cardozo School of Law, and an associate at Virginia & Ambinder, LLP ("V&A"). Mr. Roffe is a member of the Bar of this Court and regularly represents employees in wage and hour litigation. Mr. Roffe worked 14.00 hours on this case and V&A billed his time at the rate of $250.00 per hour for work performed in connection with this action.

34. Based on the information currently available to Plaintiffs, none of the Defendants are an infant or incompetent, or presently engaged in military service.

35. A copy of a proposed Default Judgment is attached hereto as **Exhibit K**.

**WHEREFORE**, Plaintiffs respectfully request judgment on each cause of action.

**WHEREFORE**, Plaintiffs respectfully request that the default of the Defendants be noted and that judgment be entered in favor of Plaintiffs and against Defendants in the manner stated herein.

I declare under penalty of perjury that the foregoing is true and accurate to the best of my knowledge, information, and belief; and that any disbursements sought to be taxed will necessarily be made or included in this action.

Dated: New York, New York
      September 1, 2015                         Virginia & Ambinder, LLP

                                                              /s/
                                              By: Jack Newhouse
                                              40 Broad Street, 7th Floor
                                              New York, New York 10004
                                              Tel: (212) 943-9080
                                              Fax: (212) 943-9082
                                              jnewhouse@vandallp.com