UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALBERTO GARCIA and ARMANDO MORALES HERNANDEZ,

Plaintiffs,

- against -

CHIRPING CHICKEN NYC INC. and/or CHIRPING CHICKEN U.S.A. INC. d/b/a CHIRPING CHICKEN and RAMJI DASS individually,

Defendants.

Docket No.: 15-CV-2335

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF DEFAULT JUDGMENT**

Jack Newhouse
Jonathan Roffe
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ............................................... iii

PRELIMINARY STATEMENT ............................................ 1

STATEMENT OF FACTS .................................................. 1

ARGUMENT ........................................................... 3

    POINT I
    Plaintiffs' Allegations are Deemed Admitted By Reasons of
    Defendants' Default.............................. ... ... ... ... ... 3

        A. The Well-Pleaded Allegations in the First Amended
           Complaint Must Be Accepted as True ......................... 3

        B. The Allegations Clearly Establish Defendants' Liability ............ 4

           1. Coverage ........................................ 4
               i. Employment Relationship............................... 4
               ii. Interstate Commerce Requirement..................... 6
           2. Minimum Wage…………………………………….. 6
           3. Overtime Pay .................................. 7
           4. Spread of Hours Compensation…………………………. 8
           5. Improper Record-Keeping ............................... 8

    POINT II
    Plaintiffs' Testimony is Sufficient to Establish a Basis for an Award of
    Damages............................................................. 9

    POINT III
    Plaintiffs' Damages Calculations .............................................. 11

        A. Applicable Limitations Periods .................................... 11

           1. The FLSA's Three-Year Statute of
              Limitations is Applicable Because Defendants'
              Actions Were Willful. ....................................... 11

           2. The NYLL Statute of Limitations ....................... 12

B. Plaintiffs are Entitled to Liquidated Damages Under the FLSA and NYLL .................................................................... 12

1. FLSA Liquidated Damages ................................................. 12

2. NYLL Liquidated Damages ................................................ 13

C. Plaintiffs are Entitled to Prejudgment Interest on Their NYLL Claims ........................................................................... 14

E. Plaintiffs are Entitled to Reasonable Attorneys' Fees and Costs .... 15

F. Plaintiff's Damages Analysis ....................................................... 17

CONCLUSION…………………………………………………………..…………… 17

# TABLE OF AUTHORITIES

**CASES:**

*Action S.A. v. Marc Rich & Co., Inc.*
951 F.2d 504, 508 (2d Cir. 1991) ............................................................ 9

*Anderson v. Mt. Clemens Pottery Co.*
328 U.S. 680 (1946) ...................................................................... 10

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*
522 F.3d 182 (2d Cir. 2008) .................................................................15

*Au Bon Pain Corp. v. Artect, Inc,*
653 F.2d 61, 65 (2d Cir. 1981) ................................................................ 3

*Ayres v. 127 Restaurant Corp.*
12 F. Supp. 2d 305 (S.D.N.Y. June 16, 1998) ...........................................11

*Barfield v. New York City Health & Hosps. Corp.*
537 F.3d 132 (2d Cir. 2008) ..................................................................13

*Bliven v. Hunt*
579 F.3d 204 (2d Cir. 2009) ..................................................................16

*Blue v. Finest Guard Servs.*
2010 U.S. Dist. LEXIS 73223 (E.D.N.Y. June 24, 2010)............................. 3

*Boyke v. Superior Credit Corp.*
2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006) ............................ 3

*Brock v. Wilamowsky*
833 F.2d 11, 19 (2d Cir. 1987) ...............................................................13

*Cao v. Wu Liang Ye Lexington Rest.*
2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sept. 30, 2010) .......................... 3

*Cargo Partner AG v. Albatrans, Inc.*
352 F.3d 41 (2d Cir. 2003)…………………………………………………..5

*Cho v. Koam Medical Services, P.C.*
524 F. Supp. 2d 202 (E.D.N.Y. Nov. 30, 2007).........................................16

*Chun Jie Yin v. Kim*
2008 U.S. Dist. LEXIS 118533, at *2 (E.D.N.Y. 2008) ...........................................10

*Cuzco v. Orion Builders, Inc.*
2010 U.S. Dist. LEXIS 51622 (S.D.N.Y. 2010)................................................... 8

*Chun Jie Yin v. Kim*
2008 U.S. Dist. LEXIS 118533 (E.D.N.Y. Apr. 1, 2008)...........................................10

*Da Silva v. Bennet St. Dev. Corp.*
2010 U.S. Dist. LEXIS 112832 (E.D.N.Y. Sept. 24, 2010) ......................................... 3

*Doo Nam Yang v. ACBL Corp.*
427 F. Supp. 2d 327 (S.D.N.Y. 2005).................................................................4, 8

*Gurung v. Malhotra*
851 F. Supp. 2d 583, 593-94 (S.D.N.Y. 2012)....................................................14

*Herman v. RSR Security Services, Ltd.*
172 F.3d 132 (2d Cir. 1999) ...........................................................................11

*Ho v. Target Constr. Of NY, Corp.*
2011 U.S. Dist LEXIS 33365 (E.D.N.Y. 2011)................................................... 8

*Irizarry v. Catsimatidis*
722 F.3d 99 (2d Cir. N.Y. 2013)................................................................5

*Jiao v. Chen*
2007 U.S. Dist. LEXIS 96480, 32 (S.D.N.Y. 2007)...........................................4

*Juarez v. Precision Apparel*
2013 U.S. Dist. LEXIS 131418 (E.D.N.Y. 2013)...........................................4, 6

*Keun-Jae Moon v. Joon Gab Kwon*
248 F. Supp. 2d 201 (S.D.N.Y. 2002)........................................................... 8

*Kopec v. GMG Constr.*
2010 U.S. Dist. LEXIS 104844 (E.D.N.Y. Sept. 10, 2010) ......................................... 9

*Lanzetta v. Florio's Enterprises, Inc.*
2011 WL 3209521, at *1 (S.D.N.Y. July 27, 2011) ...................................................14

*LeBlanc-Sternberg v. Fletcher*
143 F.3d 748 (2d Cir. 1998) ................................................................................17

*Li Ping Fu v. Pop Art Int'l Inc.*
2011 WL 4552436, at *1 (S.D.N.Y. Sept. 19, 2011) ..................................................14

*Lima v. Addeco*
634 F. Supp. 2d 394 (S.D.N.Y. 2009)…………………………………………………… 5

*Liu v. Jen Chu Fashion Corp.*
2004 U.S. Dist. LEXIS 35 (S.D.N.Y. Jan. 7, 2004) ....................................................15

*Mejia v. East Manor USA Inc.*
2013 U.S. Dist. LEXIS 70966 (E.D.N.Y. 2013)………………………………………….. 4

*Pineda v. Masonry, Inc.*,
831 F. Supp. 2d 666, 682 (S.D.N.Y. 2011)…………………………………………………14

*Reich v. S. New England Telcomms. Corp.*
1121 F.3d 58 (2d Cir. 1997) ....................................................................... 10, 13

*Reilly v. Natwest Mkts. Group Inc.*
181 F.3d 253, 265 (2d Cir. 1999)..........................................................................14

*Rivera v. Ndola Pharm. Corp.*
497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007) ..............................................................10

*Said v. SBS Electornics, Inc.*
2010 U.S. Dist. LEXIS 32316 (E.D.N.Y. 2010) …………………………………………….. 8

*Shin Won Kang v. Inno Asset Dev., LLC*
2011 U.S. Dist. LEXIS 47408 (E.D.N.Y. Jan. 28, 2011) ........................................ 10, 11

*Simmons v. N.Y. City Transit Auth.*
575 F.3d 170 (2d Cir. 2009) ...............................................................................16

*Tlacoapa v. Carregal*
386 F. Supp. 362, 368 (S.D.N.Y. 2005) ...................................................................11

*Tran v. Alphonse Hotel Corp.*
281 F.3d 23 (2d Cir. 2002) ..................................................................................10

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*
109 F.3d 105, 111 (2d Circ. 1997) ............................................................. 9

*Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*
2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) ...........................16

*Vazquez v. Ranieri Cheese Corp.*
2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. Mar. 25, 2010) ...........................12

*Wicaksono v. XYZ 48 Corp.*
2011 U.S. Dist. LEXIS 55771 (S.D.N.Y. May 2, 2011)...............................12

*Willix v. HeathFirst Inc.*
2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) ...........16

## STATUTES:

29 U.S.C. § 203 ......................................................................................... 6

29 U.S.C. § 207 ......................................................................................... 7

29 U.S.C. § 211 .........................................................................................10

29 U.S.C. § 216 ....................................................................................12, 15

29 U.S.C. § 255 .........................................................................................11

29 U.S.C. § 260 .........................................................................................13

N.Y. Lab. L. § 190 ..................................................................................... 8

N.Y. Lab. L. § 191 ..................................................................................... 8

N.Y. Lab. L. § 195 ....................................................................................9, 10

N.Y. Lab. L. § 198 ........................................................................9, 12, 13, 15

N.Y. Lab. L. § 661 .....................................................................................10

N.Y. Lab. L. § 663 ........................................................................7, 12, 13, 15

**RULES:**

Fed. R. Civ. Pro. 55 ............................................................................1, 3, 17

N.Y. C.P.L.R. § 5001 ............................................................................14, 15

N.Y. C.P.L.R. § 5004 ...............................................................................14

**REGULATIONS**:

29 C.F.R. § 778.109 .....................................................................................8

29 C.F.R. 778.113(a)....................................................................................8

29 C.F.R. Part 516...................................................................................... 10

12 N.Y. Comp. R. & Regs. § 146-1.4 ........................................................ 7

12 N.Y. Comp. R. & Regs. § 142-2.4 ........................................................ 8

12 N.Y. Comp. R. & Regs. § 142-2.6 ........................................................10

## PRELIMINARY STATEMENT

Plaintiffs ALBERTO GARCIA and ARMANDO MORALES HERNANDEZ, having obtained an entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, now seek default judgment as to liability pursuant to Rule 55(b), and damages, interest, attorneys' fees and costs against Defendants CHIRPING CHICKEN NYC INC. ("Chirping Chicken NYC"), CHIRPING CHICKEN U.S.A INC. d/b/a CHIRPING CHICKEN ("Chirping Chicken U.S.A.") (collectively "Chirping Chicken") and RAMJI DASS (collectively "Defendants") under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

## STATEMENT OF FACTS

Plaintiff Alberto Garcia worked for Chirping Chicken and Ramji Dass from approximately March 17, 2009 through June 2015 at their restaurant located at 3015 Broadway, Astoria, NY 11106 [Declaration of Alberto Garcia ("Garcia Dec.") at ¶ 1, which is annexed to the Declaration of Jack L. Newhouse ("Newhouse Dec.") as Exhibit G]. Mr. Garcia worked for Defendants performing various tasks, including, but not limited to cooking, cleaning and delivering food. [Garcia Dec., ¶ 4]. During his employment, Mr. Garcia typically worked five days per week from 10:30 a.m. until 11:00 p.m. and one day per week from 12:00 p.m. until 11:00 p.m., with a thirty minute lunch break, for a total of 70.5 hours per week. [Garcia Dec., ¶ 9]. From March 2009 through April 2011, Mr. Garcia was paid a flat wage of approximately $240.00 per week. Mr. Garcia earned approximately $360.00 per week from May 2011 through June 2015. [Garcia Dec., ¶ 10]. Mr. Garcia was paid in cash and did not receive any paystubs that itemized the hours he actually worked. [Garcia Dec., ¶ 11].

Plaintiff Armando Morales Hernandez worked for Chirping Chicken and Ramji Dass from approximately May 2008 through June 2015 at their restaurant located at 3015 Broadway, Astoria,

NY 11106 [Declaration of Armando Morales Hernandez ("Hernandez Dec.") at ¶ 1, which is annexed to the Declaration of Jack L. Newhouse ("Newhouse Dec.") as Exhibit H]. Mr. Hernandez worked for Defendants performing various tasks, including, but not limited to cooking, cleaning and cashier duties [Hernandez Dec., ¶ 4]. During his employment, Mr. Hernandez typically worked six days per week from 10:30 a.m. until 11:00 p.m., with a thirty minute lunch break, for a total of 72 hours per week. [Hernandez Dec., ¶ 9]. From May 2008 through April 2011, Mr. Hernandez was paid a flat wage of approximately $600.00 per week. [Hernandez Dec., ¶ 10]. From May 2011 through May 2013, Mr. Hernandez was paid a flat wage of approximately $620.00 per week. *Id.* From June 2013 through June 2015, Mr. Hernandez was paid a flat wage of $650.00 per week. *Id.* Mr. Hernandez was paid in cash and did not receive any paystubs that itemized the hours he actually worked. [Hernandez Dec., ¶ 11].

Plaintiffs commenced this action on April 23, 2015 to recover unpaid wages under federal and state laws. On April 27, 2015, Chirping Chicken NYC and Chirping Chicken U.S.A were served with the Complaint in this action. [Newhouse Dec., Exhibits A and D]. Their answer was due on May 18, 2015. On May 5, 2015, the Complaint was served on Ramji Dass. [Newhouse Dec., Exhibit E]. His answer was due on May 26, 2015. To date, all three Defendants have failed to appear in this action.

For the reasons set forth below, Plaintiffs should be awarded judgment against all Defendants, jointly and severally, in the amount $376,289.68 plus interest, attorneys' fees and costs.

# ARGUMENT

## I. Plaintiff's Allegations are Deemed Admitted By Reasons of Defendants' Default

Plaintiffs are entitled to a default judgment under Fed. R. Civ. Pro. 55(b) because Defendants have not appeared in this action nor answered the pleadings. Accordingly, the Clerk of the Court has entered the Defendants' default. [Newhouse Dec., Exhibit F].

### A. The Well-Pleaded Allegations in the Complaint Must Be Accepted as True

When a defendant fails to plead or otherwise defend an action, the plaintiff may apply to the court for a default judgment. Fed. R. Civ. Pro. 55(b)(2). When reviewing a motion for default judgment, the court "accept[s] as true all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Blue v. Finest Guard Servs.*, 2010 U.S. Dist. LEXIS 73223, at *11 (E.D.N.Y. 2010), *adopted by*, 2010 U.S. Dist. LEXIS 73160 (E.D.N.Y. 2010). Therefore, the Defendants' default constitutes an admission of every well-pleaded factual allegation of the complaint. *Blue*, 2010 U.S. Dist. Lexis 73223, at *11.

Moreover, the factual allegations deemed admitted should also include Plaintiffs' allegations that the Defendants' failure to compensate them in accordance with state and federal law was willful. New York federal courts have found that defendants acted willfully by virtue of their default. *Blue*, 2010 U.S. Dist. LEXIS 73223, at *33 ("Since the corporate defendant has failed to appear in court for this case, and a default judgment has entered against it, its failure to pay plaintiffs minimum wages is deemed to be willful."); *See also Da Silva v. Bennet St. Dev. Corp.*, 2010 U.S. Dist. LEXIS 112832, at *35-36 (E.D.N.Y. 2010); *Cao v. Wu Liang Ye Lexington Rest.*, 2010 U.S. Dist. LEXIS 109373, at *16-17 (S.D.N.Y. 2010); *Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928, at *21 (N.D.N.Y. 2006).

### B.    The Allegations Clearly Establish Defendants' Liability

### 1.  Coverage

### i.    Employment Relationship

Plaintiffs allege that Defendants Chirping Chicken NYC, Chirping Chicken U.S.A and Ramji Dass are their employers and jointly and severally liable as a single integrated enterprise.

The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Mejia v. East Manor USA Inc.*, 2013 U.S. Dist. LEXIS 70966, 9 (E.D.N.Y. 2013) (finding corporate defendants "employers" where corporate defendants operated the restaurants where plaintiffs worked); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 342 (S.D.N.Y. 2005) (Recognizing that the definition of "employer" is similarly expansive under New York Law.).   In this case, Plaintiff Garcia attests that he worked for the Defendants performing various tasks, including, but not limited to, cooking, cleaning and delivering food. [Garcia Dec., ¶ 4].   Plaintiff Hernandez attests that he worked for the Defendants performing similar tasks, including, but not limited to cooking, cleaning and cashier duties [Hernandez Dec., ¶ 4]. Accordingly, Plaintiffs' uncontested allegations are sufficient to establish that Plaintiffs acted directly in the interest of Chirping Chicken NYC, Chirping Chicken U.S.A. and Ramji Dass, establishing an employment relationship between Plaintiffs and Chirping Chicken.

An individual may be deemed an employer under the FLSA and New York Labor Law "where the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines employees' salaries and makes hiring decisions." *Juarez v. Precision Apparel*, 2013 U.S. Dist. LEXIS 131418, 14 (E.D.N.Y. 2013) (*quoting Jiao v. Chen*, 2007 U.S. Dist. LEXIS 96480, 32 (S.D.N.Y. 2007)). "A person exercises operational control over employees if his or her role within the company, and the

decisions it entails, directly affect the nature of conditions of the employee's employment." *Id.* (*citing Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. N.Y. 2013)). Here, Plaintiffs attest that Ramji Dass owned Chirping Chicken, hired them, told them how much they would be paid, and directed their day to day activities. [Garcia Dec., ¶¶ 2 – 4; Hernandez Dec., ¶¶ 2 – 4]. As such, Dass is individually liable as Plaintiffs' employer as he "controlled significant functions of the business, determined employees' salaries and made hiring decisions."

Finally, both Chirping Chicken NYC and Chirping Chicken U.S.A. are liable to Plaintiffs because they are a single integrated enterprise liable for Chirping Chicken's debts. Courts assess four factors when determining whether two entities are a "single integrated enterprise:" "(1) interrelation of operations, (2) centralized control of labor relationship, (3) common management, and (4) common ownership of financial support." *Lima v. Addeco*, 634 F. Supp. 2d 394, 400 (S.D.N.Y. 2009). Under New York common law, successor liability can be established where a buyer "is a mere continuation of a seller." *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 (2d Cir. 2003).

In this case, Defendants Chirping Chicken NYC and Chirping Chicken U.S.A. are the same corporation with different names. Chirping Chicken NYC and Chirping Chicken U.S.A. maintain the same address, management, personnel, equipment and business purpose (i.e., serving American style food). [Garcia Dec., 15; Hernandez Dec., ¶ 15]. According to the New York State Department of State, both companies are corporations organized and existing under the laws of the State of New York, with their principal place of business at 31-10 23rd Avenue, Astoria, New York 11105. [Newhouse Dec., Exhibits B and C].

In light of the foregoing, and considering Defendants have failed to appear or respond to any of Plaintiff's allegations, Plaintiffs respectfully request that the Court find Chirping Chicken

NYC, Chirping Chicken U.S.A and Ramji Dass jointly and severally liable for unpaid wages sought in this action.

**ii.    Interstate Commerce Requirement**

Defendants engaged in interstate commerce as is required by FLSA. Where Defendants fail to appear in an action, the allegations in Plaintiffs' uncontested complaint are sufficient to establish that Defendants were engaged in interstate commerce for purposes of 29 U.S.C. § 203(b). *See e.g., Juarez v. Precision Apparel*, 2013 U.S. Dist. LEXIS 131418, 14 (E.D.N.Y. 2013) (finding plaintiff sufficiently established interstate commerce requirement by alleging that defendants were engaged in commerce under § 203(b) and that defendants gross annual sales were not less than $500,000.00.). In this case, Plaintiffs alleged that Defendants' annual gross volume of sales made or business done is not less than $500,000.00, and that Defendants engage in interstate commerce, and/or handled, sold, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person. [Newhouse Dec., Exhibit A, ¶¶ 33 - 34; Exhibit H, ¶ 8]. Accordingly, Plaintiffs have established that Defendants are involved in interstate commerce and are subject to the FLSA.

**2.    *Minimum Wage***

Plaintiff  Garcia alleged that Defendants failed to pay him minimum wages as mandated by federal law. 29 U.S.C. § 206(a)(1). During the period of time Mr. Garcia was employed, the federal minimum wage was $7.25 per hour.

In this case, since April 2012, Plaintiff Garcia was paid a flat weekly salary of $360 per week. [Garcia Dec., ¶ 10]. Because Mr. Garcia worked approximately 70.5 hours per week, his regular rate of pay amounted to $5.11, which is below the federal minimum wage rate. Plaintiff Garcia is therefore entitled to back pay in the amount of his unpaid federal minimum wage

compensation for all hours worked up to 40 hours per week going back three years from the date the complaint was filed.

Plaintiff Garcia's unpaid minimum wages were computed by establishing what he should have been paid each week, based on the minimum hourly wage rate for that particular time period, and then subtracting the actual amount paid by Defendants from each week. This method for calculating Plaintiff Garcia's minimum wage damages is reflected in Plaintiff's damage calculations annexed to the Declaration of Jack Newhouse as Exhibit I.

### 3. *Overtime Pay*

In their Complaint, Plaintiffs allege that Defendants failed to pay Plaintiffs overtime compensation as mandated by both federal and state law. 29 U.S.C. § 207(a)(1); N.Y. Lab. Law § 663; and N.Y. Comp. Codes R. & Regs. Tit. 12, § 146-1.4. Section 7 of the FLSA and § 146-1.4 of the New York labor regulations require an employee receive not less than time-and-a-half her regular rate of pay for hours worked over forty in a week. *See* 29 U.S.C § 207(a)(1); 12 NYCRR § 146-1.4. In this case, Plaintiffs regularly worked in excess of 40 hours per week. More specifically, Plaintiff Hernandez typical worked 72 hours per week and Plaintiff Garcia typically worked 70.5 hours per week. [Garcia Dec., ¶ 9; Hernandez Dec., ¶ 9]. Regardless of the number of hours Plaintiffs actually worked per week, Plaintiffs were paid flat weekly salaries that did not account for overtime compensation at a rate of one and one-half times their hourly rates of pay. [Garcia Dec., ¶ 12; Hernandez Dec., ¶ 12]. The allegations in the Complaint, coupled with Plaintiffs' undisputed attestations in their Declarations, establish that Defendants failed to pay Plaintiffs overtime compensation in compliance with the FLSA and NYLL. Plaintiffs are therefore entitled to back pay in the amount of their unpaid overtime premiums for all hours worked in excess of 40 hours per week.

For purposes of calculating overtime damages, Plaintiffs' regular rate of pay is "calculated by dividing the employee[s'] weekly compensation by the number of hours for which that compensation is intended." *Doo Nam Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 338 (S.D.N.Y. 2005) (quotations omitted) (*citing Keun-Jae Moon v. Joon Gab Kwon*, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002); 29 C.F.R. § 778.109; 29 C.F.R. 778.113(a)). Unpaid overtime compensation will be equal to one-half Plaintiffs' regular rate of pay multiplied by each hour Plaintiffs worked. This method for calculating Plaintiffs' overtime damages is reflected in Plaintiffs' damage calculations annexed to the Declaration of Jack Newhouse as Exhibit I.

### 4. *Spread of Hours Compensation*

Under the N.Y. Labor Law, Plaintiffs are also entitled to receive one hour's pay at the minimum wage rate for any days during which they worked more than ten hours per day. 12 N.Y.C.R.R. § 142-2.4; *see also Ho v. Target Constr. Of NY, Corp.*, 2011 U.S. Dist LEXIS 33365, at *48 (E.D.N.Y. 2011); *Cuzco v. Orion Builders, Inc.*, 2010 U.S. Dist. LEXIS 51622, at *12 (S.D.N.Y. 2010); *Doo Nam Yang,* 427 F. Supp. 2d at 333; *Said v. SBS Electronics, Inc.*, 2010 U.S. Dist. LEXIS 32316 (E.D.N.Y. 2010).

In this case, Plaintiff Garcia normally worked 12 hours per day, five days per week as well as 10.5 hours one day per week and Plaintiff Hernandez worked 12 hours per day six days per week [Garcia Dec., ¶ 9; Hernandez Dec., ¶ 9]. Since Plaintiffs' flat weekly wages do not account for an additional hours pay at the minimum wage rate, Plaintiffs are entitled to recover earned but unpaid spread of hours compensation for each day they worked.

### 5. *Improper Record-Keeping*

It is a cornerstone of the New York State Labor Law that employees are protected from wage underpayments and improper employment practices. N.Y. Lab. L. §§ 190, 191. As a result,

Section 195 of the New York Law requires "every employer" to notify its employees of their rate of pay and regular pay day at the time of hire. N.Y. Lab. Law § 195(1). For each day an employer fails to furnish to an employee a notice pursuant to § 195(1), the employee is entitled to recover $50.00 per day, but not to exceed a total of $5,000.00. N.Y. Lab. Law § 198(1-b). In addition, an employer is required to "furnish each employee with a statement with every payment of wages, listing gross wages, deductions and net wages, and upon the request of an employee furnish an explanation of how such wages were computed." N.Y. Lab. Law § 195(3). For each day an employer fails to furnish to an employee a notice pursuant to § 195(3), the employee is entitled to recover $250.00 per day, but not to exceed a total of $5,000.00. N.Y. Lab. Law § 198(1-d).

In this case, Plaintiffs were paid in cash and did not receive any paystubs that itemized the hours they actually worked. [Newhouse Dec., ¶ 21]. As a result, Plaintiffs are entitled to the statutory costs set out in § 198. [*See* Newhouse Dec., Exhibit I].

## II.        Plaintiffs' Testimony is Sufficient to Establish a Basis for an Award of Damages

Plaintiffs' testimony as to the hours worked and rate of pay received is a sufficient basis for this Court to recommend an award of damages, even in the absence of further documentation. This Court has held that "[i]n conducting an inquiry, the court need not hold a hearing 'as long as it [has] ensured that there [is] a basis for the damages specified in the judgment.'" *Kopec v. GMG Constr.*, 2010 U.S. Dist. LEXIS 104844, at *7 (E.D.N.Y. 2010) (*quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Circ. 1997)), *adopted by*, 2010 U.S. Dist. LEXIS 104842 (E.D.N.Y. 2010). Detailed affidavits and other documentary evidence can suffice in lieu of an evidentiary hearing. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991).

While employees seeking unpaid wages under the FLSA bear the initial burden of proving that they performed work for which they were not properly compensated, employers are required by the FLSA to maintain accurate records establishing the hours worked and wages earned by their employees. *See* 29 U.S.C. § 211(c); 29 C.F.R. Part 516. New York State law also requires employer to keep these records. *See* N.Y. Lab. L. §§ 195, 661; N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.6. The United States Supreme Court has long held that if an employer fails to keep such records, the "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *see also Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002); *Shin Won Kang v. Inno Asset Dev., LLC*, 2011 U.S. Dist. LEXIS 47408, at *5 (E.D.N.Y. 2011), *adopted by*, 2011 U.S. Dist. LEXIS 47406 (E.D.N.Y. 2011). In *Anderson*, the Supreme Court concluded that it is reasonable and fair to award wages under such circumstances, because "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records." 328 U.S. at 688.

Furthermore, this Court has held that an employee does not need documentary evidence to prove his uncompensated work; he can rely on his recollection alone. *Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007); *see also Chun Jie Yin v. Kim*, 2008 U.S. Dist. LEXIS 118533, at *2 (E.D.N.Y. 2008). When a defendant defaults in an action brought under the FLSA, "plaintiffs' testimony as to the hours worked and their rate of pay is presumed to be correct in the absence of any rebuttal evidence proffered by the Defendants." *Kopec*, 2010 U.S. Dist. LEXIS 104844, at *8 (*citing Anderson*, 328 U.S. at 687-688); *see also Reich v. S. New England*

*Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997). Thus, Plaintiffs' Declarations alone are sufficient to establish the basis for their requests for damages.

**III.** **Plaintiffs' Damage Calculations**

    **A. Applicable Limitations Periods**

        ***1. The FLSA's Three-Year Statute of Limitations is Applicable Because Defendants' Actions Were Willful***

The statute of limitations under the FLSA is ordinarily two years, but may be extended to three years if the cause of action arises out of a willful violation of the Act. 29 U.S.C. § 255(a). A violation is deemed willful under the FLSA when an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). The plaintiffs need not prove that the defendants acted in malice or bad faith. *Ayres v. 127 Restaurant Corp.*, 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998).

Here, Plaintiffs allege that Defendants' failure to pay them in accordance with the FLSA and NYLL was willful. [*See* Newhouse Dec., Exhibit A, ¶ 42]. Because Defendants failed to answer the pleadings or appear in this action, Defendants' violations are deemed willful. *See supra* at 2-3; *see also Shin Won Kang*, 2011 U.S. Dist. LEXIS 47408, at *6 (citing cases). As in the instant action, the court in *Tlacoapa v. Carregal* held that the defendant employer did not act in the good faith under the FLSA because the employer failed to maintain accurate and comprehensive records of their employees' employment, paid its employees in cash and failed to compensate their employees for overtime work. 386 F. Supp. 362, 368 (S.D.N.Y. 2005). Accordingly, this Court should find that Defendants' violations were willful and apply the three-year statute of under the FLSA.

## 2. *The NYLL Statute of Limitations*

The statute of limitations for Plaintiffs' claims brought under the NYLL is six years, which encompasses Plaintiffs' entire period of employment. N.Y. Lab. L. §§ 198, 663. *Vazquez v. Ranieri Cheese Corp.*, 2010 U.S. Dist. LEXIS 29431, at *54-55 (E.D.N.Y. 2010) ("New York law has a six year statute of limitations for violations of its overtime, minimum wage and spread of hours requirements … Accordingly, Defendant is liable under New York law for any violations that accrued during the six years that preceded the filing of this action.") (citations omitted), *adopted by*, 2011 U.S. Dist. LEXIS 11503 (E.D.N.Y. 2011).

### B. Plaintiffs are Entitled to Liquidated Damages Under the FLSA and NYLL

Both the FLSA and the NYLL provide for the recovery of liquidated damages in addition to actual damages. The FLSA provides for liquidated damages of 100 percent. 29 U.S.C. §216(b). The NYLL provides for liquidated damages of 25 percent through April 9, 2011. N.Y. Lab. L. §§ 198, 663. After April 9, 2011 an employer's liability for liquidated damages under NYLL was increased to 100 percent of wages due (unless the employer can prove a good faith basis for believing that its underpayment of wages was in compliance with legal requirements). *See Wicaksono v. XYZ 48 Corp.*, 2011 U.S. Dist. LEXIS 55771, at *19-20 n.2 (S.D.N.Y. 2011), *adopted by*, 2011 U.S. Dist. LEXIS 55734 (S.D.N.Y. 2011).

## 1. *FLSA Liquidated Damages*

Under the FLSA, an employer who willfully violates the statute's unpaid minimum wages or unpaid overtime compensation provisions is liable for any unpaid compensation and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employer is liable for liquidated damages unless it can demonstrate that its actions were in good faith, and that it had

reasonable grounds for believing that its actions or omissions did not violate the FLSA. *Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008).

It is well settled that "the employer bears the burden of establishing, by plain and substantial evidence, subjective good faith and objective reasonableness. The burden, under 29 U.S.C. § 260 is a difficult one to meet, however, and 'double damages are the norm, single damages are the exception.'" *Reich*, 121 F.3d at 71 (*quoting Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987)).

Where defendants have defaulted, they have certainly not met their burden to demonstrate that their failure to pay plaintiff mandatory minimum wages and overtime pay in compliance with federal and state law was made in good faith. *Blue*, 2010 U.S. Dist. LEXIS 73223, at *33-34 ("Here, the employer has defaulted and thus has not presented any evidence to demonstrate that underpayments were made in good faith."). Plaintiffs are thus entitled to a liquidated damages award of 100 percent of the total overtime pay owed to them for their FLSA claims.

### 2. NYLL Liquidated Damages

Pursuant to New York Labor Law, an employee may recover liquidated damages where the employer's violation was willful. N.Y. Lab. L. ¶¶ 198(1-a), 663(1). An employer acts willfully if it "knowingly, deliberately, or voluntarily disregards its obligations to pay wages. No finding of malice or bad faith, however, is necessary." *Ayres*, 12 F. Supp. 2d at 309 (internal citations omitted).

According to this Court, "the test for determining willfulness under the NYLL is the same test used to determine willfulness under the FLSA." *Blue*, 2010 U.S. Dist. LEXIS 73223, at *28. As outlined above, Defendants' wage and hour violations were deemed willful by default,

thus Plaintiffs are entitled to liquidated damages of 25 percent on his NYLL claims through April 9, 2011 and 100 percent after April 9, 2011.

Under the NYLL, a Plaintiff is entitled to recover the applicable liquidated damages for any actual damages he or she incurred during the NYLL's six-year statute of limitations period. *Seem e.g., Pineda v. Masonry, Inc.*, 831 F. Supp. 2d 666, 682 (S.D.N.Y. 2011). Furthermore, the majority of District Courts within the Second Circuit recognize that a Plaintiff may recover both forms of liquidated damages for the same time period. *See, e.g., Gurung v. Malhotra*, 851 F. Supp. 2d 583, 593-94 (S.D.N.Y. 2012); *Li Ping Fu v. Pop Art Int'l Inc.*, 2011 WL 4552436, at *1 (S.D.N.Y. Sept. 19, 2011); *Lanzetta v. Florio's Enterprises, Inc.*, 2011 WL 3209521, at *1 (S.D.N.Y. July 27, 2011). These courts recognize the differing goals of these liquidated damages provisions, namely, that the FLSA's liquidated damages are meant to be compensatory while the NYLL's liquidated damages are meant to be punitive. *See, e.g., Gurung*, 851 F. Supp. 2d at 593-94.

### C. Plaintiffs are Entitled to Prejudgment Interest On His NYLL Claims

Pursuant to New York law, Plaintiffs are entitled to prejudgment interest at a statutory rate of nine percent per annum on the unpaid wages awarded under the NYLL. N.Y. C.P.L.R. §§ 5001, 5004. Prejudgment interest may be awarded in addition to any liquidated damages that the Court may award. *See Kopec*, 2010 U.S. Dist. LEXIS 104844, at *12 ("Although Plaintiffs cannot recover both liquidated damages and prejudgment interest under the FLSA, they may recover NYLL prejudgment interest on unpaid wages that were awarded under both the FLSA and NYLL, even where FLSA liquidated damages have also been awarded based on that amount."); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253, 265 (2d Cir. 1999) (holding that even where a plaintiff

is award liquidated damages under the NYLL, prejudgment interest is still appropriate), *cert. denied*, 528 U.S. 1119 (2000).[1]

Since Defendants consistently failed to pay Plaintiffs minimum wages and overtime compensation for all hours worked over 40 per week during his entire employment, Plaintiffs seek interest to be calculated from May 2012, the midpoint of Plaintiff's employment with Defendants, until the date of judgment. *See* N.Y. C.P.L.R. § 5001(b); *Da Silva*, 2010 U.S. Dist. LEXIS 112832, at *38-39 (awarding prejudgment interest at a midpoint date of the period for which damages were awarded until the date of judgment, where plaintiffs were periodically denied wages during their term of employment with defendants); *Kopec*, 2010 U.S. Dist. LEXIS 104844, at *12 (awarding prejudgment interest based on a midpoint where plaintiffs failed to provide a date to begin calculating interest).

### D. Plaintiffs are Entitled to Reasonable Attorneys' Fees and Costs

Finally, Plaintiffs also seek reasonable attorneys' fees and costs incurred in the prosecution of this action. Under the FLSA, the court "shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fees and costs are also available under the NYLL with respect to Plaintiffs' state law claims. N.Y. Lab. L. §§ 198, *et seq.* 663(1).

In considering an application for attorneys' fees and costs, the Second Circuit determines a "presumptively reasonable fee" which is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

---

[1] *See also Vasquez*, 2010 U.S. Dist. LEXIS 29431, at *58 ("In contrast to federal law, an award of liquidated damages under New York Law is punitive in nature, so an employee awarded liquidated damages under New York law may also recover pre-judgment interest."); *Liu v. Jen Chu Fashion Corp.*, 2004 U.S. Dist. LEXIS 35, at *16 (S.D.N.Y. Jan. 7, 2004) (same); *Blue*, 2010 U.S. Dist. LEXIS 73233, at *35-36 ("To the extent…damages awarded to the plaintiff represent compensation for lost wages, 'it is ordinarily an abuse of discretion not to include prejudgment interest.'") (citations and internal quotations omitted).

The presumptively reasonable fee is determined by reference to the number of hours reasonably expended on the litigation multiplied by the reasonable fee to be charged for those hours. *See generally Bliven v. Hunt*, 579 F.3d 204, 213 (2d Cir. 2009). In calculating this fee, courts generally consider the prevailing market rate for similar services by lawyers of "reasonably comparable skill, experience and reputation." *Cho v. Koam Medical Services, P.C.*, 524 F. Supp. 2d 202, 206 (E.D.N.Y. Nov. 30, 2007); *see also Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (holding that courts should use the hourly rates employed in the district where the case is heard).

Here, Plaintiffs' counsel, Virginia & Ambinder, LLP, focuses on wage related claims, and has represented thousands of workers to recover unpaid wages. [Newhouse Dec., ¶ 24]. Senior associate Leonor Coyle worked 9.40 hours on this case and is requesting the Court set his fee at $395 per hour. [*See* Newhouse Dec., ¶ 25, Exhibit J]. Associate Jack Newhouse worked 7.30 hours on this case and is requesting the Court set his fee at $250 per hour. [*See* Newhouse Dec., ¶ 26, Exhibit J]. Associate Jonathan Roffe worked 14.00 hours on this case and seeks a rate of $200 per hour. [Newhouse Dec., ¶ 27, Exhibit J]. *See Willix v. HeathFirst Inc.*, 2011 U.S. Dist. LEXIS 21102, at *15-17 (E.D.N.Y. Feb. 18, 2011) (approving rates of $740 per hour for partners and $400 per hour for associates where "[c]lass [c]ounsel have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law."). Plaintiffs also incurred the services of the law firm's paralegals at the rate of $125 per hour. *See Trs. of the Local 807 Labor Management Health Fund v. M&M Bldg. Prods.*, 2010 U.S. Dist. LEXIS 31467 (E.D.N.Y. Mar. 17, 2010) (approving $125 per hour for paralegal work).

Plaintiffs' attorneys and their assistants spent a modest total of 46.90 hours on this case, Plaintiff's should be awarded $10,343.00 in attorneys' fees. [Newhouse Dec., Exhibit J]. In addition, Plaintiffs should be awarded costs in the amount of $655.74. [*Id.*]; *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (finding that plaintiffs are entitled to recover "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their client."). Here, Plaintiffs are seeking costs related to his court filings and service of process fees. Plaintiffs' attorneys have submitted a compilation of their time records for the Court's consideration on this motion, and therefore request that the Court find that all attorney hours and costs spent on this case were reasonable under the circumstances.

### E.  Plaintiffs' Damages Analysis

Based on the above, the damages Plaintiffs seek and are entitled to include: (a) unpaid federal minimum wage; (b) unpaid overtime compensation; (c) one hours pay at the applicable minimum wage rate for each day Plaintiffs worked; (d) statutory costs for Defendants' failure to provide proper payroll records; (e) liquidated damages under federal and state law, (f) prejudgment interest on Plaintiffs' claims; and (g) reasonable attorneys' fees and expenses.[2]

## CONCLUSION

For the reasons state above, Plaintiffs respectfully request that the Court grant their motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and award damages to Plaintiffs in the total amount of $317,012.07 plus interest, attorneys' fees and costs.

Dated: New York, New York
      September 1, 2015           Virginia & Ambinder, LLP

                                           _____/s/_____
                                           By: Jack L. Newhouse, Esq.
                                         Jonathan Roffe, Esq.
                                         40 Broad Street, 7th Floor

---

[2] For the detailed calculations supporting the figures above see Newhouse Dec., Exhibit I.

New York, New York 10004
Tel: (212) 943-9080
Fax: (212) 943-9082
jnewhouse@vandallp.com

*Attorneys for Plaintiff*